Danielle SIMPSON, Petitioner—Appellant

v.

Nathaniel QUARTERMAN, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent—Appellee.

No. 07–70011.

United States Court of Appeals, Fifth Circuit.

Aug. 29, 2008.

James W. Volberding, Tyler, TX, for Petitioner–Appellant.

Thomas M. Jones, Office of the Attorney General Post-conviction Litigation Division, Austin, TX, for Respondent–Appellee.

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Danielle Simpson was convicted by a Texas jury and sentenced to death for the capital murder of Geraldine Davidson in 2000. His conviction and sentence were affirmed on direct appeal, and the Supreme Court denied certiorari. *Simpson v. State,* 119 S.W.3d 262 (Tex.Crim.App. 2003), *cert. denied,* 542 U.S. 905, 124 S.Ct. 2837, 159 L.Ed.2d 270 (2004). The Texas Court of Criminal Appeals denied his application for state habeas relief. *Ex parte Simpson,* 136 S.W.3d 660 (Tex.Crim.App. 2004). Simpson filed a petition for federal habeas relief in June 2005, presenting 39 claims for relief. The district court denied relief in March 2007. It granted a certificate of appealability ("COA") for Simpson's claim that he is entitled to a federal evidentiary hearing on his claim that he is mentally retarded and ineligible for the death penalty, but denied a COA for Simpson's other claims, including Simpson's claim that he is mentally retarded.

We hold that the district court erred by failing to conduct an evidentiary hearing on Simpson's mental retardation claim. *See Hall v. Quarterman,* 534 F.3d 365 (5th Cir.2008) (per curiam). Accordingly, we REMAND the case to the district court to allow the district court to conduct a evidentiary hearing on the issue of whether Simpson is mentally retarded, and thereafter to reconsider its denial of relief as to Simpson's mental retardation claim, with respect to which we express no opinion.

Upon entry of judgment on remand, the district court is instructed to return the case to this court for further proceedings, including consideration of Simpson's request for expansion of the COA. If any party or parties aggrieved by the district court's rulings on remand wish appellate review of same, such party or parties must file a notice of appeal and/or request for certificate of appealability, as appropriate under the circumstances.

This case is REMANDED to the district court for this limited purpose as stated above.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.